[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff seeks to recover for a sprained ankle she suffered as the result of a fall on a bus owned and operated by the defendant. This fall occurred on November 23, 1997 and the plaintiff was a passenger on the defendant's bus.
At trial the plaintiff testified she was made to fall by a "jerking movement" of the bus. On a "passenger courtesy card" she filled out right after she fell, she said "I slid on the buse's (sic) wet floor." She estimated the speed of the bus at 35-40 miles per hour. CT Page 4763
The bus driver, Wilton Allen, denied the bus was going 35-40 miles an hour, noting that he was leaving the curb and was "creeping up" to an adjacent traffic light which was red. He estimated his speed at 5 miles an hour and stated that the bus would only approach 15 to 20 miles per hour after traveling up to a block.
On these facts, the court concludes the plaintiff has not sustained her burden of proof as to liability and judgment may enter for the defendant.
Though this decision eliminates any consideration of damages, the court feels obliged to comment on the damages claimed here.
The plaintiff visited the emergency room on November 23, 1997 where x-rays were negative and she was diagnosed as having a sprained ankle. She was provided with a crutch to assist her walking. The bill for those services appears to total $236.40.
On December 2, 1997 she visited Dr. Kandiah Sritharan. She was discharged on January 30, 1998, having accrued charges of $1,398.00. After blood work and repeat x-rays, she was treated with "heat packs and electrical muscle stimulation" on 15 occasions. Throughout the course of treatment she saw the doctor twice — On December 2, 1997 and January 30, 1998.
Had this case been determined in the plaintiff's favor, the court would not have considered this second set of charges reasonably necessary and considers this an example of over treatment.
Anthony V. DeMayo, Judge Trial Referee